## James G. Kellar

v.

## Orrin Shippee.

*Justices—Jurisdiction of—Action for Injury to Personal Property— Death of Colt Through Falling into Open Ditch—Negligence of Person Digging Ditch—Ditch Dug in Inclosure of Bailee of Colt—Evidence— Instructions—" Accident."*

1. A justice of the peace has jurisdiction of an action for damages for an injury to personal property.

2. In an action brought to recover damages for the death of a colt by falling into a ditch dug by defendant through a corner of an inclosure of a bailee of the colt, this court holds that the evidence justified a verdict for plaintiff; that evidence that plaintiff owned the land through which the ditch was dug, although it was not within his inclosure, was immaterial, as the fact, if true, would constitute no excuse for his negligence; that the action was properly brought by the owner of the colt, although at the time of its death it was in the possession of a bailee, and that the negligence of the bailee of the colt, if there was any, was no defense.

3. An instruction telling the jury that if the colt lost its life by acci-

dent, plaintiff could not recover, was bad in not explaining that legally an "accident" meant an event happening unexpectedly, and causing damage without fault.

4. The evidence showing a clear right of recovery, unimportant errors are overlooked, and the judgment affirmed.

[Opinion filed December 12, 1892.]

IN ERROR to the Circuit Court of Peoria County; the Hon. N. E. WORTHINGTON, Judge, presiding.

Messrs. ELMER J. SLOUGH and SHEEN & LOVETT, for plaintiff in error.

Mr. ARTHUR KEITHLEY, for defendant in error.

MR. JUSTICE CARTWRIGHT. This was a suit commenced by Orrin Shippee, defendant in error, against James G. Kellar, plaintiff in error, before a justice of the peace, to recover damages sustained by the falling of a colt into a ditch dug by Kellar, whereby the colt was killed. There was a recovery in justice's court, and on appeal by Kellar to the Circuit Court, there was a trial, resulting in a verdict for $100, on which judgment was entered.

On the trial the following facts were proven: James G. Kellar, being desirous of draining a pond on his land, dug a ditch for that purpose, varying in depth from about three feet to fourteen feet, and laid tile in the ditch, which was afterward filled above the tile. The ditch was dug diagonally across a corner of the inclosure of E. F. Thompson, about three rods from the corner of the tract. It was ten or eleven feet deep on Thompson's land, and about two and a half feet wide at the top and one foot at the bottom. The ditch was left open and unprotected for a week or more. The colt in question was running in Thompson's inclosure during this time, and this fact was known to Kellar. After the ditch had been open for the length of time stated, the colt accidentally fell in it, and was killed. The colt was owned by Shippee, and was in the possession of Thompson

to use for its keeping without other compensation. At the close of plaintiff's evidence, a motion was made by Kellar to dismiss the suit for the reasons following :

First, that plaintiff's evidence was insufficient to sustain any finding; and second, that the justice of the peace and the Circuit Court on appeal had no jurisdiction. These reasons were inconsistent, inasmuch as the first invoked the judgment of the court on the evidence, which would be an act of jurisdiction, and the second denied the right to exercise jurisdiction.

The court reserved the decision of the motion until all the evidence was in, and then overruled it. This was correct. The evidence was sufficient, and if it was not, the court would have no power to dismiss the suit for that reason. The justice, having jurisdiction in actions for damages for injuring personal property in any appropriate form of action, had jurisdiction in this case, although the injury was consequential. Gallery v. Davis, 39 Ill. App. 619; Northrup v. Smothers, 39 Ill. App. 588.

Plaintiff in error complains also of some rulings on the admission of evidence. He produced a surveyor, who said that he made a survey a month or six weeks before the trial and about three years after the colt was killed, and plaintiff in error proposed to prove that survey, but was not allowed to do so. It is said that the object was to prove that Kellar owned the land where the ditch was dug, and that the true line would inclose it. No competent evidence of title to any land was offered by plaintiff in error, and there is nothing in the record to indicate that he had any to offer. The evidence offered did not tend to prove title, and it is not necessary to say whether the court could have heard a defense founded on title to the land where the ditch was dug. Besides, the evidence shows that the ditch was not dug under any claim of ownership. It was done about three years before the survey, and plaintiff in error testified that when about to dig the ditch, it was necessary to dig it across this corner of Thompson's land, and he went over to see Thompson to get permission to do so, but did not see him,

and obtained permission from his son. Moreover, plaintiff in error would not be relieved from liability under the evidence in this case if he owned the land. His negligence would be just as culpable in either event, and he would not be relieved from the duty of exercising ordinary care and prudence to protect the colt from the dangerous excavation made in an inclosure where the colt was lawfully running, with his knowledge, merely because the division fence was not on the true line.

Plaintiff in error also offered evidence to show his object in digging the ditch and leaving it open. Only compensatory damages were sought and awarded, and the evidence as to his motives was immaterial. It is also objected that the defendant in error was allowed to prove that other stock got into the ditch on Kellar's land. The record shows that the evidence complained of was stricken out by the court.

Much complaint is made concerning the action of the court in regard to instructions. Industry, wholly disproportioned to the number of legal questions involved in the case, was shown in the preparation of instructions on the part of plaintiff in error, twenty such instructions being presented to the court. The supply so far exceeded the requirements of the case as to tend to confuse and embarrass the court, and it is perhaps not strange that some of the instructions given were inconsistent with each other, and that some would be subject to just criticism. The first and fourth instructions given for defendant in error, which based liability alone on a trespass on lands, were inconsistent with the second instruction given for plaintiff in error, which stated that his liability, if it existed at all, must be based on negligence on his part. But if those given can not all be approved, the judgment will not be reversed, if it is clear that a correct conclusion was reached. It is especially urged that the third instruction given for defendant in error was wrong. It informed the jury that defendant in error could maintain the action, and it is claimed that he could not, because the colt was in the possession of Thompson as bailee, and it is contended that the right of

action was in Thompson alone. The court was right. The killing of the colt was an injury to the property of defendant in error and his right to future possession, and he could maintain the action. Dicey on Parties to Actions, 345. The court gave five of the instructions asked by plaintiff in error, and refused fifteen. It is urged that the court erred it refusing to give these instructions, but they were all bad and were properly refused. To point out the errors and defects in all of them would require too much time and space, and we will only mention the least objectionable of them. The sixth stated that if the colt lost its life accidentally, plaintiff in error would not be liable. In one sense it lost its life accidentally, but the instruction was bad, without defining an accident so that the jury might understand that it meant an event causing damage, happening unexpectedly and without fault. If there was any fault, there was liability, although there might be an element of accident in the sense of being unexpected, so that the death might be termed accidental. The instruction would have been misleading. City of Chicago v. Sheehan, 113 Ill. 658. The seventh singled out one act of plaintiff in error which combined with others to create a liability, and stated that the act alone would not render him liable. Each separate act could be in like manner separated from the others, and a like conclusion declared. Instructions should be so given as to afford some guide to the jury in deciding the case in hand. The eighth stated that if Thompson was bailee of the colt, and knew that the ditch was dug and did not protect the colt against it, then Thompson, and not Kellar was liable. Kellar was not relieved of liability by the negligence of Thompson, even if the court had a right to say what would be negligence in Thompson. The ninth was inconsistent with itself and asserted in substance that Kellar was not liable if he dug the ditch with the acquiescence of Thompson, unless it was against Thompson's consent. No proposition of law contained in it was correct. The eighteenth related to an alleged conversation of Kellar with Thompson which, it was claimed, would constitute a

license by Thompson to let the ditch remain open. The language recited in the instruction could not be construed into a license to leave the ditch open, as it was left for a considerable time. The foregoing are the only refused instructions requiring attention.

While, as before stated, the instructions given were not wholly free from objection, the defects were not of much importance in the case, and the evidence showed a clear right of recovery on account of the negligence of plaintiff in error. No other verdict could have been returned by the jury without a violation of their duty, and being satisfied that justice has been done the judgment will be affirmed.

*Judgment affirmed.*