Leonard Gilman, Plaintiff-Appellee, v. Richard Lee, Defendant-Appellant, Richard Lee and Robert Lee, Counter-Plaintiffs-Appellees, v. Leonard Gilman, Counter-Defendant, and Lula Defenbaugh, Administratrix of the Estate of Guy E. Defenbaugh, Deceased, Counter-Defendant-Appellant.

Gen. No. 11,226.

Second District, Second Division.

October 19, 1959.

Rehearing denied November 4, 1959.

Released for publication November 4, 1959.

George C. Hupp, of Ottawa, and Roberts and Kepner, of Springfield, for appellant.

Kevin D. Kelly, of LaSalle, and Marion Ramza, of Streator, for appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

The facts of record in this case present a novel situation. Illinois State Route 179, the night of November 1, 1954, at about 7:30 P. M., about 1½ miles south of Route 179's intersection with Route 17, was clear and dry, and the visibility was good. That route was a two-lane paved public highway running in a north-south direction. Drifting snow was on the shoulders. Guy E. Defenbaugh, since deceased through causes unconnected with this suit, was operating a Ford truck owned by him in a northerly direction over Route 179, and was towing a Dodge automobile from the farm home of Defenbaugh to Wenona, Illinois. Through some mechanical failure the Dodge had failed to start at the Defenbaugh home. The Dodge, in tow, was being steered by plaintiff, Leonard Gilman. It was owned by Gilman's father, and Gilman and Defenbaugh were brothers-in-law.

South of the point of the ensuing collision, a fire broke out under the Ford truck. Defenbaugh stopped

the truck on the highway, and Gilman stopped the Dodge, pulling off onto the right shoulder as far as the tow chain would allow. Gilman left the Dodge and got underneath the Ford truck in an attempt to extinguish the fire. Defenbaugh told Gilman he would get flares out to warn other traffic but apparently did not.

Within a short time one Ott Panther, going south on Route 179, stopped his vehicle on the highway in or partly in the southbound lane at a point upon which the evidence is in dispute but at some location either even with or about 75 feet south of the Dodge automobile. Panther lit a fusee and started to go south on the road with it.

With the truck, the Dodge, and the Panther automobile in these positions, and after the plaintiff, Gilman, had been beneath the truck attempting to extinguish the fire for about 2½ to 3 minutes, the defendant, Richard Lee, driving a Ford automobile owned by his father, Robert Lee, approached the scene going in a northerly direction. The speed of the defendant is a matter of controversy, estimates ranging from 60 to 90 miles per hour. Panther, seeing that Lee was not slowing in response to the flare, leaped into the ditch. A collision ensued between the Lee vehicle and the Panther vehicle, after which the Lee vehicle struck the Dodge and pushed it violently into the truck. The truck rolled over the plaintiff Gilman and inflicted serious and permanent injuries upon him.

On the trial, plaintiff-appellee, Leonard Gilman, recovered a judgment upon a jury verdict in the court below for personal injuries for $55,000 against defendant-appellant, Richard Lee. No contention is made that the damages awarded by the jury to Gilman were in any way excessive. Richard Lee, by counterclaim had sued Leonard Gilman and the estate of Guy E. Defenbaugh, deceased, for personal injuries received

64

in the same accident. The counter-plaintiff, Robert Lee, father of Richard Lee, also counterclaimed against Gilman and the Defenbaugh estate for property damage to the motor vehicle being driven by Richard Lee. The three claims were tried before the same jury simultaneously. In addition to the verdict for $55,000 in favor of Gilman, the jury awarded Richard Lee $200.80 against the Defenbaugh estate and awarded Robert Lee $1100 against the Defenbaugh estate. On both of the counterclaims, the jury found plaintiff-appellee, Gilman, not guilty. No appeal was taken from the judgments so finding Gilman not guilty. The trial judge denied all post-trial motions. Richard Lee and the administratrix of the Defenbaugh estate have appealed to this Court.

It is defendant-appellant Richard Lee's principal contention, joined in by the defendant-appellant Defenbaugh, that by the verdict of the jury in favor of the plaintiff Gilman and against the defendant Richard Lee the jury must have found Richard Lee guilty of one or more of the acts of negligence charged in the plaintiff's complaint. It is, however, contended that by its verdict in favor of Richard Lee against Defenbaugh the same jury also found that Lee was in the exercise of due care for his own safety at the same time and place that the jury found Lee guilty of negligence as to Gilman. The appellants assert, therefore, that the verdicts rendered by the same jury at the trial of the consolidated cases were inconsistent, contradictory, irreconcilable and illogical, one with the other, and that therefore the trial court was in error in failing to grant the defendants a judgment notwithstanding the verdict or in the alternative a new trial as to plaintiff-appellee Gilman.

In the view we take of this case we need not decide this question of first impression. Weighing all the evidence as a whole, as we must, the verdict of the jury

in favor of Richard Lee against the defendant Defenbaugh was against the manifest weight of the evidence and palpably erroneous. The judgment on that verdict must be reversed and that cause remanded for a new trial. Foster v. Bilbruck, 20 Ill.App.2d 173. Holding as we do, that the verdict in favor of Richard Lee against the defendant Defenbaugh estate was against the manifest weight of the evidence, any issue of inconsistent verdicts is removed from this appeal.

The witness Panther places Richard Lee's speed as he approached the three stopped vehicles at 90 miles per hour. Lee himself admits to a speed of between 60 and 65 miles per hour. Lee never saw the warning fusee lit by Panther, and never noticed that fusee as Panther waved it up and down over Panther's head. There was nothing in the atmosphere to prevent visibility. Although Panther saw Lee when Lee was about a mile away from Panther, Lee made no attempt to stop until he was within 300 feet of the fusee according to Panther, or, as Lee said, within 50 to 75 feet of the point where he saw reflectors. Lee saw headlights facing him on the opposite side of the road to that upon which he was proceeding, observed that those headlights did not appear to move, and yet never reduced his speed. In such a state of the record, the necessary finding of the jury that Richard Lee was in the exercise of ordinary care for his own safety as to the defendant Defenbaugh's decedent is clearly and palpably against the manifest weight of the evidence and it is the duty of this Court to reverse the judgment on such a verdict. Hintze v. Burren, 320 Ill. App. 139; Bell v. McMullen, 327 Ill. App. 12; Russell v. The Consolidated Forwarding Corp., Inc., 330 Ill. App. 529; Buehler v. White, 337 Ill. App. 18.

The remaining errors assigned do not require extended discussion. The due care of the plaintiff, Leonard Gilman, at and just prior to the collision

in question, on the evidence, was preeminently a question of fact and was not contributory negligence as a matter of law. It cannot be said from the facts most favorable to Gilman together with all reasonable inferences to be drawn therefrom that all reasonable minds, in the exercise of fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence. (Lasko v. Meier, 394 Ill. 71; Bunton v. Illinois Cent. R. Co., 15 Ill.App.2d 311; Swenson v. City of Rockford, 9 Ill.2d 122; Budds v. Keeshin Motor Exp. Co., 326 Ill. App. 59; Pienta v. Chicago City Ry. Co., 284 Ill. 246; Thomas v. Buchanan, 357 Ill. 270.)

█ █ Nor can we hold that the verdict against Defenbaugh by Robert Lee was against the manifest weight of the evidence. On the whole record Defenbaugh's negligence was a question of fact for the jury. Since Richard Lee was a bailee only of the automobile owned by Robert Lee, the negligence of Richard Lee would not be imputable to Robert Lee, the bailor of the vehicle, as a matter of law. Kellar v. Shippee, 45 Ill. App. 377; 4 I. L. P. "Bailments," Sec. 24, pp. 693, 694.

Finally, it is Lee's contention that the court erred in giving to the jury plaintiff's Instruction No. 13, which was as follows:

"The court instructs the jury that in the complaint filed herein, by the plaintiff, Leonard Gilman, against the defendant, Richard Lee, the plaintiff has alleged that, on the 1st day of November, 1954, at about the hour of 7:30 P. M., the plaintiff, Leonard Gilman was lawfully in the east half of said Highway No. 179, in LaSalle County, Illinois, and was attempting to extinguish a fire which had started in the chassis of a truck operated by one Guy Defenbaugh, and that at said time, and place, the truck was temporarily disabled; the defendant, Richard Lee has admitted all of said allegations."

67

■ Three of the defendant's Instructions outlined to the jury that the defendant had denied the exercise of the plaintiff Gilman's due care; that before Gilman could recover he had the burden of proof that he was in the exercise of ordinary care for his own safety; and that one of the defenses relied upon by the defendant Lee was that of contributory negligence of the plaintiff. The plaintiff was entitled to have the jury instructed upon his theory of the case under Chapter 95½, Par. 185(c), exempting the driver of a vehicle which is disabled from the prohibitions against standing or stopping a vehicle on the highway (Ill. Rev. Stats. 1957, Chap. 95½, Par. 185(c); Vieceli v. Cummings, 322 Ill. App. 559).

In view of these facts in the record, we cannot agree with defendant Lee's contention that by Instruction No. 13 the trial court told the jury that defendant Lee had admitted the plaintiff's due care. A careful reading of the record has convinced us that the Instructions, as a series, correctly stated the law.

■ In any event, we do not think that the general and unspecific objection by the defendant to this Instruction No. 13 properly preserved the point for review. It is the duty of counsel to point out specifically to the trial court wherein any Instruction objected to is faulty so that cases may be tried without a needless error and so that the trial court may have the benefit of the full research and advice of all counsel.

■■ This court said in Onderisin v. Elgin J. & E. Ry. Co., 20 Ill.App.2d 73, 78—"Enlightened trial practice does not permit counsel under the guise of trial strategy to sit idly by and permit instructions to be given the jury without specific objections and then be given the advantage of predicating error thereon by urging the error for the first time in a post-trial motion." Defendant Lee's general objection to Instruc-

tion No. 13 was not sufficient to preserve the asserted error for review.

For the reasons assigned, the judgment of the Circuit Court of LaSalle County in favor of the plaintiff-appellee, Leonard Gilman, against defendant-appellant, Richard Lee, is affirmed; the judgment in favor of counter-plaintiff-appellee, Richard Lee, against Lulu Defenbaugh, Administratrix of the estate of Guy E. Defenbaugh, deceased, counter-defendant-appellant, is reversed and said cause remanded for a new trial; and the judgment of Robert Lee, counter-plaintiff-appellee, against Lulu Defenbaugh, Administratrix of the estate of Guy E. Defenbaugh, deceased, counter-defendant-appellant, is affirmed.

Affirmed in part; reversed in part and remanded for a new trial on the counterclaim of Richard Lee against Lulu Defenbaugh, Administratrix of the estate of Guy E. Defenbaugh, deceased.

CROW and WRIGHT, JJ., concur.