Elementary School District No. 77 of Williamson County, Illinois, et al., Plaintiffs-Appellants, v. C. R. Gardner, County Superintendent of Schools, Saline County, Illinois, et al., Defendants-Appellees.

Gen. No. 62–F–4.

Fourth District.

May 14, 1962.

Rehearing denied June 30, 1962.

Robert W. Sanders, of Marion, for appellants.

Robert V. Wilson, State's Attorney, and Arlie O. Boswell, Sr., of Harrisburg, for appellees.

CULBERTSON, J.

This cause is before us on an appeal from an order of the Circuit Court of Saline County affirming the order of the County Superintendent of Schools in his administrative decision granting a petition requiring an election to organize a community school district. On appeal in this Court the plaintiffs, Elementary School District No. 77 of Williamson County, et als., state that there is no substantial evidence in the record upon which the opinion of the County Superintendent of Schools could be sustained; and that such order granting the petition requesting the election was contrary to the manifest weight of the evidence.

It appears from the record that a petition signed by more than 200 voters residing in the territory pro-

posed for the Community School District was presented to the County Superintendent of Schools, requesting the calling of an election for the purpose of voting for or against the establishment of a Community School District in the territory. Hearings were held at which evidence was presented, and following the hearings the County Superintendent ordered an election to be held as prayed in the petition. The plaintiffs appealed from such order to the Circuit Court for a review under the Administrative Review Act, and now appeal to this Court following the Circuit Court order approving the action of the County Superintendent of Schools.

The written opinion of the Superintendent of Schools in which the election is ordered, discloses a comprehension of the issues and an understanding of the facts which were presented at the hearing. The basic argument of the appellants is that the findings and decision of the Superintendent are not supported by substantial evidence. Such findings are prima facie true and correct and there were facts in the evidence in the record upon which the opinions and conclusions were based. The finding of the Administrative Officer on such conclusions are presumptively or prima facie true and correct (Ill Rev Stats 1961, c 110, § 274), and it is within the province of the trier of the facts, such as the Superintendent, to make reasonable inference from established facts and such permissible inferences are not to be discarded by reviewing courts unless the inferences so drawn are unreasonable (Rosenfield v. Industrial Commission, 374 Ill 176, 29 NE2d 102). There was an evidentiary basis for the finding of facts in the case before us and it is immaterial whether this Court would agree or disagree with the conclusions drawn from the facts on review in this Court (Onderisin v. Elgin, Joliet & Eastern Ry. Co., 20 Ill App2d 73, 155 NE2d 338).

We find no basis in the record to support the contention that the findings and decision of the Superintendent of Schools are contrary to the manifest weight of the evidence. It is, therefore, our conclusion that the order of the Circuit Court of Saline County was proper and should be affirmed.

Affirmed.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.