(No. 6167—

STEPHEN R. CASTLEMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 1, 1976.*

GEITTMAN and FOSTER, by TERRY J. FOSTER, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN and DOUGLAS G. OLSON, Assistant Attorneys General, for Respondent.

BURKS, J.

This is a claim for damages to Claimant's property caused by escaped inmates of a State controlled institution.

Claimant brings this action under the provisions of Ill.Rev.Stat., Ch. 23, §4041, to recover damages to his 1967 Chevrolet Impala hardtop, which was admittedly stolen and wrecked by two escapees from the Department of Corrections' Fort Massac Boys Camp in Metropolis. The parties have agreed that the value of Claimant's loss by said damage is $1,035.00

The facts are not in dispute. They are contained in the memoranda and reports of the Department of Corrections on this matter and the affidavit of the Claimant which were admitted into evidence by joint stipulation without objection by either party. The parties waived a hearing in this cause and stipulated that no further evidence would be introduced. Both parties have sub-

mitted briefs on the key question of negligence on the part of the State and on the question of contributory negligence by the Claimant.

The facts are summarized as follows: two youths, David May and Sammy McKinney, ran away from Fort Massac State Boys Camp on January 22, 1971, about 11:30 a.m. They escaped through the east door of the laundry room. This fact was discovered by the camp authorities when the two inmates failed to report for lunch at 11:45 a.m.

Before the two inmates were apprehended they stole two vehicles. They abandoned one and wrecked the other. They drove the first car a short distance, ran it off the highway and abandoned it. The escapees then hid until dusk. They then stole Claimant's automobile from in front of Claimant's home in the City of Metropolis. They were chased by City Police along a public street until the stolen car collided with a truck. Both escaped inmates required medical treatment for the injuries they suffered when they wrecked the Claimant's car.

The complaint filed by the Claimant charged that the State negligently failed to provide sufficient supervision and control over these inmates to prevent their escape. The only response to this charge we find in the meager record before us is the following statement by the Director of the Department of Corrections:

There is no question that the Department of Corrections had the duty to care and supervise these two wards prior to their escape. We question the degree of care required when the boys were in a limited security camp, such as Fort Massac Boys Camp.

We feel that the above statement is an insufficient and inadequate answer by the Respondent to Claimant's charges of negligence in its custodial responsibilities for the two escapees in this case. It is apparent from the crimes they committed that these two youths should

have been kept under greater surveillance than the ordinary inmates at this institution. The facts pertaining to the prior record of these two inmates were in the exclusive control of the Respondent and could have been presented had they been favorable to the Respondent. *U.S. Fidelity & Guaranty Co. v. State,* 23 Ill.Ct.Cl. 188 at 192.

There is an item of evidence which indicates that the Director of the Fort Massac institution apparently took no steps to prevent these two inmates from repeating their crime spree that caused Claimant's loss. In fact they escaped again four days later according to a footnote in a departmental interoffice memo which reads as follows:

David May and Sammy McKinney *again* ran from camp at 7:30 p.m. on 1-26-71 and were apprehended at 9:30 p.m. walking on Highway 145 approximately 4 miles from camp. They were placed in the County Jail to await return to R & D on 1-29-71.

As we said in *American States Ins. Co. v. State,* 23 Ill.Ct.Cl. 47 at 50, "Each of these escape cases rests upon their own peculiar set of facts and circumstances." In the case at bar, we hold that the evidence offered by the Claimant is sufficient to establish a prima facie case of negligence on the part of the Respondent. Since the Respondent offered no testimony on the point, we conclude that the Claimant has carried his burden of proving that there was some fault on the part of the State in failing to provide adequate supervision for these two young criminals who apparently were able to run away from the institution at will and with impunity.

We turn next to Respondent's contention that the Claimant was guilty of contributory negligence by the fact that the keys were in his car parked on a public highway in front of his home when it was stolen by the escapees. This is, as Respondent points out, a violation

of the *Illinois Vehicle Code, §11-1401* which reads as follows:

Unattended motor vehicles. No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine and *removing the ignition key*. [Emphasis added]

We agree with Respondent's effective argument that leaving the ignition keys in a car unattended on a public highway is prima facie evidence of negligence, *Ney v. Yellow Cab Co.* 2 Ill.2d 74 and *Kacena v. George W. Bowers,* 63 Ill.App.2d 27.

However, it was not the Claimant in this case who negligently left the keys in his car. Claimant had loaned his automobile to his father so that his father might attend a funeral. While the car was still in the father's temporary possession, the latter stopped in front of Claimant's home, left the keys in the car, came into Claimant's house to talk for about five minutes, came out, and found that the car had been stolen.

We agree with Claimant's argument that the negligence attributable to his father cannot be imputed to him since a bailment relationship existed between Claimant and his father. The father was bailee of Claimant's car. The general rule of law is that the negligence of a bailee cannot be imputed to a bailor. Illinois courts have held that the negligence of a bailee cannot be imputable to the bailor, as a matter of law. *Gilman v. Lee,* 161 N.E.2d 586, 589; 423 Ill.App.2d 61; *Keller v. Shipee,* 45 Ill.App. 377; also see 39 *Ill.Bar J.* 142 (1950).

Respondent argues that the bailment relationship had terminated before the car was stolen since the car had been returned to the Claimant when his father parked it in front of Claimant's home. We believe that controlling custom and usage on the redelivery of a car by a bailee would call for a handing over of the keys to

the bailor before the bailment is terminated *I.L.P. Bailment §22.*

Regardless of the precise moment that the bailment was terminated it was certainly still in effect when the father-bailee negligently left the keys in the ignition. Since that act of negligence cannot be attributed to the Claimant we find him free of any contributory negligence.

The Claimant, Stephen R. Castleman, is hereby awarded the sum of One Thousand Thirty-Five Dollars ($1,035.00) for damages to his property.