RICHARD GRUNSTEN, d/b/a Gane, Plaintiff-Appellee, *v.* WILLIAM H. MALONE, Defendant-Appellant.

First District (3rd Division)   No. 83—333.

Opinion filed June 29, 1984.—Rehearing denied August 20, 1984.

Elliott, Carrane, Freifeld & Uruba, of Chicago (Thomas P. Aiello, of counsel), for appellant.

Nisen, Elliott & Meier, of Chicago (Anthony Packard and Howard L. Gilberg, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Defendant, William H. Malone, appeals pursuant to Supreme Court Rule 306 (87 Ill. 2d R. 306) from the order of the circuit court of Cook County which set aside a jury verdict for plaintiff, Richard Grunsten, doing business as Gane, in the amount of $12,000 and ordered a new trial on the question of damages only. The issues pre-

sented for review are: (1) whether the circuit court clearly abused its discretion in granting a new trial based on its conclusion that plaintiff was denied a fair trial, and (2) whether the circuit court erred in granting a new trial on the issue of compensatory damages only.

Plaintiff brought this action against defendant, seeking damages for the loss of personal property and for the destruction of his business. Plaintiff's fourth amended complaint contained four counts; however, only counts II and III are relevant to this appeal. Count II set forth a theory of trespass to land, in that defendant, as landlord, trespassed upon plaintiff's business premises, destroying his personal property and damaging his business. This count prayed for compensatory damages in the sum of $225,000 and punitive damages in the sum of $225,000. Count III asserted a theory of liability based upon wilful and wanton negligence, and the prayer for relief of this count was identical to the prayer for relief contained in count II.

At the close of evidence, the circuit court determined that the evidence would not support an award of punitive damages and refused to allow that issue to go to the jury. The circuit court also granted plaintiff's motion for a directed verdict on the issue of liability, finding that the evidence of liability was overwhelming. Thus, the only issue decided by the jury was the amount of damages.

The jury determined that plaintiff incurred damages in the amount of $12,000. Subsequently, plaintiff filed his motion for new trial alleging that plaintiff did not receive a fair trial. In its order granting plaintiff a new trial, the circuit court found that plaintiff did not receive a fair trial in the following respects:

"(a) counsel did not have sufficient time following the jury instruction conference to prepare for final argument;

(b) counsel did not have the opportunity to consider the instruction on the measure of damages as modified by the Court prior to argument; and

(c) based upon the evidence, the jury instructions did not sufficiently instruct the jury on compensatory damages."

The circuit court's order specifically found, however, that the award of the jury was not against the manifest weight of the evidence.

The circuit court's order granting a new trial was based upon events which occurred after all the evidence was heard in the court below; however, certain events prior to that time are relevant. The case was assigned for trial on November 12, 1982. On that date, the trial judge stated to counsel for both parties that he wanted the trial in the instant case to be completed on or before November 24, 1982 (the day before Thanksgiving Day), because the court had already

scheduled a trial for the following Monday. On Monday, November 15, 1982, the jury was selected. From Wednesday, November 17, 1982, until shortly after 12 o'clock noon on Wednesday, November 24, 1982, the parties presented evidence to the jury. During the afternoon of Wednesday, November 24, 1982, the circuit court held the jury instruction conference, and shortly thereafter, closing argument began.

The transcript of proceedings shows that on November 24, 1982, immediately following a noon recess, but before the jury instruction conference, plaintiff moved for a directed verdict on the issue of liability. Plaintiff's motion was granted. At the instruction conference which followed immediately thereafter, defendant tendered the following instruction on the question of damages:

> "You must fix the amount of money which will reasonably and fairly compensate the plaintiff for any of the following elements of damage proved by the evidence to have resulted from the conduct of the defendant.
>
> If you find that all or some of plaintiff's personal property was totally destroyed, the measure of damages is the reasonable value of such property at the time of destruction. If you find that all or some of plaintiff's personal property was not totally destroyed but the damage was not capable of being repaired, the measure of damages is the difference between the fair market value of such property immediately before and the scrap value immediately after the damage. If you find that all or some of plaintiff's personal property was not totally destroyed and was capable of being repaired, the measure of damages is the lesser of the reasonable expense of necessary repairs to the property which was damaged, or the difference between the fair market value of the property immediately before the occurrence and its fair market value immediately after the occurrence.
>
> If you find that plaintiff lost profits in his business due to the acts of the defendant, the value of lost profits for a time reasonably required to allow plaintiff to set up his business again. The loss of profits is defined as the amount of gross income less the cost of doing business.
>
> Whether any of these elements of damages has been proved by the evidence is for you to determine."

Plaintiff objected to the third paragraph relating to lost profits. Defendant also tendered this instruction on the question of lost profits:

> "Lost profits are compensable only so far as they are plainly

traceable to natural consequences of the injurious act and may not be recovered when they are merely probable and speculative."

Plaintiff did not tender any alternative instruction on the measure of damages.

Before ruling on the instructions relating to the issue of damages, the trial judge inquired of counsel as to how much time was needed for closing argument. Plaintiff's counsel responded: "We don't see more than 20 minutes total time, direct and rebuttal. I hope I can do less than that." Plaintiff's counsel did not object at this time that he did not have sufficient time to prepare for closing argument. The trial judge then stated that there would be a recess so that he could review a case relevant to the proposed damages instructions. The judge told defense counsel that as soon as he ruled on the instructions, defense counsel should "make the [telephone] call [to his office to have the instructions retyped as modified] and get it down [to the court] while you are arguing; okay?" Plaintiff's counsel did not object to this procedure and never stated that he needed a copy of any modified instruction to prepare for closing argument.

After the short recess, plaintiff renewed his objection to the "lost profits" paragraph of defendant's damages instruction. Pursuant to this objection, the circuit court struck that paragraph. The circuit court also refused to give defendant's proposed instruction on lost profits, finding that the jury was sufficiently instructed on the issue of damages. After ruling on the instructions, the trial judge stated: "We will proceed in five minutes with the final arguments, no extensions." At this time, plaintiff did not object to either the time allowed to prepare for closing argument or to the lack of opportunity to review the jury instruction on the issue of damages as modified by the circuit court.

During the recess before closing arguments, defendant's counsel informed the court that there was no instruction going to the jury with regard to damages for either lost profits or destruction of plaintiff's business. Defense counsel then resubmitted his original damages instructions. Plaintiff's counsel responded:

"We have not tendered anything as an alternative. We believe we have had expert testimony on the value of the business from both sides here.

I don't think an instruction by the Court would be proper on the methods, any one of several methods that may be used to valuate the business, then which one would be proper in the situation here? I think that is a matter for the jury's consider-

ation.

You are saying that the business was irrevocably lost to the plaintiff and that he is entitled to compensation for it. The method of valuation, I think, is a matter for the jury to determine."

The trial judge then repeated his finding that the jury was sufficiently instructed. Immediately following this ruling, the court directed counsel for both parties to proceed with closing argument. Again, plaintiff's counsel did not object to either the lack of time to prepare for final argument or the lack of time to consider the modified damages instruction prior to closing argument.

The $12,000 verdict and the order granting plaintiff's motion for new trial followed.

In *Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 416 N.E.2d 268, our supreme court described the great deference which is generally given to decisions of trial judges in granting or denying motions for a new trial. The court stated:

"A court on review will not reverse the trial court's decision to grant a new trial merely because it would have come to a different conclusion on the facts. [Citations.] The decision of a trial court to grant a new trial is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown. [Citations.] In determining whether that discretion was abused, the reviewing court will consider whether the jury's verdict was supported by the evidence and whether the losing party was denied a fair trial." 83 Ill. 2d 545, 548-49; see also *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144, 357 N.E.2d 500.

The circuit court found that the award of the jury was not against the manifest weight of the evidence, and neither party argues on appeal that the jury's award of damages was not supported by evidence. Accordingly, in determining whether the circuit court clearly abused its discretion in allowing plaintiff's motion for new trial, we must consider whether plaintiff was denied a fair trial.

We address each of the "errors" relied upon by the circuit court in support of its finding that plaintiff did not receive a fair trial to determine whether any of these "errors" or the cumulative effect of them denied plaintiff a fair trial.

The first reason given by the circuit court for ruling that plaintiff did not receive a fair trial is that counsel did not have sufficient time following the jury instruction conference to prepare for closing argument. The parties agree that the limitation and placement of closing

argument is within the sound discretion of the circuit court. (See *Schmidt v. Blackwell* (1973), 15 Ill. App. 3d 190, 199, 304 N.E.2d 113; *Hansell-Elcock Foundry Co. v. Clark* (1905), 214 Ill. 399, 415, 73 N.E. 787.) Thus, the circuit court, in effect, found that it had abused this discretion.

■ We would agree that the circuit court was in a better position than this court to determine whether it had abused its discretion with respect to the limitation and placement of closing argument. (*Hansell-Elcock Foundry Co. v. Clark* (1905), 214 Ill. 399, 415, 73 N.E. 787; see *McElligott v. Illinois Central R.R. Co.* (1967), 37 Ill. 2d 459, 468, 227 N.E.2d 764.) However, its finding that plaintiff was denied a fair trial because of insufficient time to prepare for closing argument cannot be sustained on this record. First, neither plaintiff's counsel nor defendant's counsel requested additional time following the instruction conference in order to prepare for final argument. Moreover, the record does not show how plaintiff was prejudiced by not being given additional time to prepare for closing argument. Plaintiff contends that he was unduly hampered in making his closing argument; however, he fails to state what points or what testimony he was unable to discuss in closing argument because of the alleged insufficient time to prepare. The record on appeal shows that in closing argument plaintiff's counsel discussed lost profits and the value of plaintiff's business. In addition, we note that at the oral argument of this case in this court, counsel for plaintiff stated that if he had more time to prepare for closing argument he may not have said anything differently. Since we are unaware of any points or testimony that plaintiff's counsel was unable to discuss in his closing argument, we cannot say that plaintiff was prejudiced due to the alleged insufficient time to prepare for closing argument. (See *Schmidt v. Blackwell* (1973), 15 Ill. App. 3d 190, 199.) Accordingly, the circuit court's finding of lack of time to prepare for closing argument is not supported by the record and cannot be the basis for granting a new trial.

The second reason given by the circuit court for granting a new trial is that plaintiff's counsel did not have the opportunity prior to closing argument to consider the instruction on the measure of damages as modified by the circuit court. At the outset we observe that the parties do not dispute that prior to the instruction conference a copy of defendant's original damages instruction was given to plaintiff's counsel. Plaintiff argues that his trial counsel did not receive a copy of the modified damages instruction prior to closing argument and that if his counsel had received a copy, his counsel would have had the opportunity to object to the absence of an instruction on the

issue of lost profits, or alternatively, to limit his closing argument to the damages instruction actually given.

■ At the outset, we observe that plaintiff's counsel never made a request in the court below for an opportunity prior to closing argument to review the damages instruction as it had been modified by that court. Further, the circuit court's modification of defendant's proposed damages instruction, which eliminated the paragraph concerning lost profits, was made pursuant to plaintiff's own objection. In addition, during the recess immediately prior to closing argument, plaintiff's counsel, in response to an argument by defendant's counsel that there was no jury instruction concerning damages for lost profits or destruction of plaintiff's business, argued in favor of the circuit court's modification of defendant's proposed damages instruction. Under these circumstances, we are of the opinion that the lack of opportunity prior to closing argument to consider the damages instruction as modified cannot be said to have denied plaintiff a fair trial, and, therefore, cannot support the granting of a new trial.

The third basis given by the circuit court for finding that plaintiff did not receive a fair trial is that the jury instruction did not sufficiently instruct the jury on compensatory damages. According to plaintiff, the central dispute of the trial involved the amount of damages for lost profits and the value of plaintiff's business, yet the instructions presented to the jury failed to mention that portion of plaintiff's claim. However, plaintiff never tendered any jury instructions on these issues. (See 87 Ill. 2d R. 366(b)(2)(i).) Moreover, under the facts of this case it would be manifestly unfair to allow plaintiff a new trial upon the ground of inadequate instructions on the issue of damages. At trial, plaintiff argued in favor of the circuit court's modification of defendant's damages instruction, despite defendant's contention that if the instruction were given as modified, there would be no jury instruction concerning damages for lost profits or destruction of plaintiff's business. In essence, the jury was instructed as plaintiff desired. In *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144, 357 N.E.2d 500, our supreme court stated:

> "The rule is well settled that a party may not assert error on the basis of instructions which he has caused to be given to the jury. [Citations.] The rationale of this rule is obvious. It would be manifestly unfair to allow one party a second trial upon the basis of error which he injected into the proceedings."

This fairness rationale is applicable to this case.

■ The appellate court's opinion in *Onderisin v. Elgin, Joliet & Eastern Ry. Co.* (1959), 20 Ill. App. 2d 73, 77-78, 155 N.E.2d 338,

supports this conclusion. In that case, the court stated:

"The purpose of the conference [on instructions] is to afford counsel an opportunity to object to or correct erroneous instructions. As officers of the court, counsel have a duty to cooperate with the trial judge to the end that the jury may be properly instructed. Enlightened trial practice does not permit counsel under the guise of trial strategy to sit idly by and permit instructions to be given the jury without specific objection and then be given the advantage of predicating error thereon by urging the error for the first time in a post-trial motion."

Plaintiff, at the very least, acquiesced in the decision to give the modified damages instruction, and under the facts of this case may not complain, either in his motion for new trial or on appeal, of defects in this instruction. See *Delany v. Badame* (1971), 49 Ill. 2d 168, 178, 274 N.E.2d 353; *Commissioners of Lincoln Park v. Schmidt* (1941), 375 Ill. 474, 476-77, 31 N.E.2d 969; *Stephenson v. Dreis & Krump Manufacturing Co.* (1981), 101 Ill. App. 3d 380, 387, 428 N.E.2d 190; *Finfrock v. Eaton Asphalt Co.* (1976), 41 Ill. App. 3d 1020, 1022, 355 N.E.2d 214; *Lewis v. Hull House Association* (1975), 25 Ill. App. 3d 617, 621, 323 N.E.2d 600.

■ We also conclude that the cumulative effect of the "errors" found by the circuit court did not deny plaintiff a fair trial, and we hold that the circuit court's decision to grant a new trial was a clear abuse of discretion.

■ Plaintiff contends that we cannot find a clear abuse of discretion here because the trial court may act *sua sponte* to order a new trial. He relies on *Freeman v. Chicago Transit Authority* (1965), 33 Ill. 2d 103, 210 N.E.2d 191. In that case our supreme court stated: "[T]he role of a trial judge is not that of a presiding officer or an umpire, and *** he is responsible for the justice of the judgment that he enters." (33 Ill. 2d 103, 106.) His position, in essence, is that the power of a trial judge, in passing on a motion for a new trial, is broader than that of a reviewing court. Without deciding this issue, we observe that the discretion of a trial judge is not unlimited, but must be exercised reasonably. (*Commissioners of Lincoln Park v. Schmidt* (1941), 375 Ill. 474, 477.) In our opinion, this was not done in the case at bar.

Since we conclude that the circuit court clearly abused its discretion in granting plaintiff a new trial, we need not address the issue of whether the circuit court erred in granting a new trial on the issue of compensatory damages only. Accordingly, the order of the circuit court granting a new trial is reversed, and the cause is remanded

with directions to enter judgment on the verdict.

Reversed and remanded, with directions.

RIZZI, P.J., and McNAMARA, J., concur.