JOANN McKINNEY, Plaintiff-Appellee, v. COCA COLA BOTTLING COMPANY OF CHICAGO *et al.*, Defendants-Appellants.

Second District No. 2—87—0669

Opinion filed May 23, 1988.

Stephen R. Swofford, Daniel M. Purdom, H. Anne McKee, and Bruce L. Carmen, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellants.

Aljinovic & Perisin, and John F. O'Meara, both of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendants, Coca Cola Bottling Company of Chicago and Jewel Companies, Incorporated, appeal from the order of the circuit court of Du Page County granting plaintiff, Joann McKinney, a new trial. The trial court granted a new trial when plaintiff discovered that an instruction defining proximate cause had not been presented to the jury in this product liability action. We allowed defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(i) (107 Ill. 2d R. 306(a)(1)(i)).

On appeal, defendants argue that plaintiff failed to tender the instruction defining proximate cause and did not object to its absence, so plaintiff waived any objection. We agree.

■■ The purpose of an instruction conference is to afford counsel an opportunity to submit instructions for the consideration of the court and to object to or correct erroneous instructions. (*People v. Underwood* (1978), 72 Ill. 2d 124, 129; *Onderisin v. Elgin, Joliet & Eastern Ry. Co.* (1959), 20 Ill. App. 2d 73, 77.) Counsel must be vigilant in making his or her proposed instructions known to the court. Failure of a party to make known to the court, during an instruction conference, the desire to include a specific instruction will bar that party from asserting omission of that instruction as grounds for a new trial in either a motion for a new trial or on appeal. (107 Ill. 2d R. 366(b)(2)(i) ("No party may raise on appeal the failure to give an instruction unless he shall have tendered it"); *Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 550; *West Chicago State Bank v. Rogers* (1987), 162 Ill. App. 3d 838, 845-46; see also *Grunsten v. Malone* (1984), 125 Ill. App. 3d 1068, 1076.) A trial court's granting of a new trial on the basis of an instruction which was not given to the jury is an abuse of discretion where such instruction was not tendered to the court. See 125 Ill. App. 3d at 1076.

■ From a review of the record, we find that plaintiff did not tender an instruction defining proximate cause. It appears from the comments made by the trial court on the day after the trial that the

court was somehow in possession of a packet of plaintiff's instructions Nos. 1 through 19 which included definitions of proximate cause. However, we do not equate this fact with a conclusion that such instructions were tendered. The record reveals that plaintiff's instructions Nos. 1 through 19 were not considered by the court. Rather than considering plaintiff's instructions, the court first considered instructions submitted by defendants. Following consideration of defendants' instructions, plaintiff offered instructions to supplement the instructions submitted by defendants. These plaintiff's instructions were considered by the court. However, they did not include an instruction on the definition of proximate cause. This summation of what occurred is further supported by a colloquy between the court and plaintiff's attorney, Marvin Sulkko.

 "THE COURT: My understanding was that you didn't tender me 1 through 19—

 MR. SULKKO: Right."

Instructions 5 and 6 were definitions of proximate cause.

Under the facts presented by the record, it was an abuse of discretion for the trial court to grant a new trial. Accordingly, the order of the trial court is reversed.

Reversed.

LINDBERG, P.J., and NASH, J., concur.