**Margaret Jackson, Plaintiff-Appellant, v. Elaine L. Gordon, Defendant-Appellee.**

**Gen. No. 48,338.**

First District, First Division.

August 13, 1962.

Rehearing denied and opinion modified
September 6, 1962.

Director & Liebenson, of Chicago (Harold A. Liebenson and Edward G. Raszus, of counsel), for appellant.

J. V. Schaffenegger, of Chicago (Carl E. Abrahamson, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This is a case of an automobile collision at a street intersection. Plaintiff was a passenger in one car and defendant was the driver of the other. Judgment was entered in favor of defendant upon a jury verdict, and the primary point raised on plaintiff's appeal is that the verdict and judgment are contrary to the manifest weight of the evidence.

The car in which plaintiff was riding was travelling north on Asbury, and defendant was driving east on Greenleaf in Evanston at 2:30 p. m. on June 18, 1958, a clear, dry day. Each street was about forty feet wide and there were stop signs for traffic on Greenleaf.

Plaintiff did not see how the collision occurred. The driver of her car did not testify.

Defendant testified that riding with her in the car were her two small children (ages 3 years and 13 months) and an elderly lady; that she came to a complete stop at the traffic sign; that she saw the other car coming ¾ block away, but estimated that it was so far distant that she could cross safely; that she had then proceeded slowly (5 to 10 miles per hour) to the center of the intersection, when plaintiff's car, travelling very fast, struck the right front portion of defendant's car, causing it to go into the bushes on the parkway at the northeast corner of the intersection; that plaintiff's car stopped at approximately the point of impact, headed slightly north of east.

43

Plaintiff places her principal reliance on a photograph in evidence showing some skid marks on the pavement, and on the testimony of a police officer that he measured twenty feet of skid mark from defendant's car.* This avails plaintiff nothing, however, as skid marks of that length (from the parkway to the center of the street) would be entirely consistent with defendant's testimony. The total distance from the place where defendant's car stopped in the parkway to the west side of the street was in excess of forty feet. There was no testimony identifying additional skid marks on the west side of the street as having been laid down by defendant's car. The photograph is inconclusive on this point, although it appears to show that skid marks from the center of the street lead directly to the wheels of defendant's car in the parkway at the northeast corner.

Plaintiff also contends that defendant was impeached by the testimony of the police officer concerning a conversation after the collision in which defendant told him she had not seen the stop sign. This statement was denied by defendant in her testimony at the trial. Similar impeachment (based upon the policeman's testimony concerning his conversation with defendant) is also argued as to the speed of defendant's car.

The photograph and all of the testimony, including that relied on by plaintiff, were seen and heard by the jury, and presented a question of fact for the jury to decide. The jury's verdict is well supported by evidence, and it was the proper function of the jury to determine which parts of the conflicting testimony to believe. In any event, since a result contrary to the

---

* The policeman testified on cross-examination that no skid-mark information was included in the standard police report form filed with the police records of this case, but that he had refreshed his recollection from a "confidential report" made by the officers for their own use at the trial.

verdict is not clearly evident, it cannot properly be set aside by this court. (Romines v. Illinois Motor Freight, Inc., 21 Ill App2d 380, 385, 158 NE2d 97; Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 42, 139 NE2d 275.)

 Plaintiff further contends that the giving of one. instruction constituted reversible error. We have considered all the instructions and believe that, taken as a whole, they do not contain reversible error. We feel constrained to point out, however, that, since the trial conference for the settling of instructions has not been abstracted, it has, therefore, not been shown to this court that the necessary specific objection to the complained-of instruction was made at that time. (Taylor v. Elgin, J. & E. Ry. Co., 33 Ill App2d 64, 77, 178 NE2d 704; Thompson v. Chicago & E. I. Ry. Co., 32 Ill App2d 397, 401, 178 NE2d 151; Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, 411, 176 NE2d 684; and cases therein cited.) The point is, therefore, not preserved for our consideration, as a court of review is not required to search the record to find grounds for reversal, even though it may do so to affirm. (Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 571; and numerous other decisions to the same effect.)

 Plaintiff also assigns as errors: a remark included in the opening statement of defendant's attorney to which no objection was made at the time; cross-examination of plaintiff as to her previous name after she had testified that her name was something other than that under which she had filed suit; the permitting of certain cross-examination of a police officer over plaintiff's objection. We find no reversible error in these matters, but again point out that as to none of these alleged errors did plaintiff's post-trial motion contain "the points relied upon, particularly specifying the grounds in support thereof." These contentions

45

are, therefore, not available for review in this court, as "(a) party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion." (Ill Rev Stats c 110, § 68.1(2); Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 572, 149 NE2d 351.)

The judgment of the Municipal Court of Evanston is affirmed.

Affirmed.

MURPHY, J., concurs.

BURMAN, P. J., dissents.