**Michael Russo and Peter Makris, Plaintiffs-Appellants, v. Keith Kellogg, Defendant-Appellee.**

**Gen. No. 48,624.**

First District, Third Division.

October 3, 1962.

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellants.

Beverly and Pause, of Chicago (John J. O'Malley, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is a personal injury case. The case had gone to trial twice before. On the third trial the jury found defendant not guilty, post-trial motions were overruled and judgment entered, from which this appeal is taken.

The case grows out of a collision between an automobile driven by plaintiff Makris and a trailer truck driven by defendant. Plaintiff Russo was a passenger in Makris' car. The collision occurred at the intersection of Highway 66 and 47th Street in Cook County some time after 11:00 p. m. on December 7, 1954. The principal error charged is that the verdict was against the manifest weight of the evidence.

Plaintiff Makris was driving his automobile north on Highway 66 and defendant was driving his trailer truck loaded with cattle east on 47th Street. The testimony in favor of defendant, which the jury evidently believed, is that as he approached Highway 66 the light was green. When he was within 50 to 100 feet from Highway 66, the light changed from green to green with amber. He was traveling at 25 to 30 miles an hour. As he entered the intersection he saw plaintiff's car less than 60 feet away, traveling at a speed of over 60 miles an hour in the inner lane of northbound traffic. Defendant swerved to the left and set his brakes, but could not avoid the collision. The impact occurred in the inner lane of northbound traffic and the inner lane of eastbound traffic. The truck was hit in the right rear end of the tractor portion and was pushed 18 inches to the north, sideways,

338

and stopped on the east edge of Route 66, all in the inside lane of eastbound traffic.

Plaintiff Makris testified that he picked Russo up at his tavern at 8:00 p. m. on the night in question; that they went bowling; that they had nothing to drink and that at about 11:00 p. m. they left the bowling alley to go to Russo's tavern to drop him off; that as they approached the intersection in question, the light turned green when they were 200 feet away. However, in a pretrial deposition Makris had testified that the light changed to green when they were 50 to 75 feet away. He testified that he was traveling at 20 miles an hour then and at 30 miles an hour when he was a quarter of a block away; that he was in the curb lane and started to turn to go east on 47th Street; and that the truck was 100 feet away. There is evidence to show that he was in the inner lane. At the first trial he testified that the truck was maybe 100, 200 or 300 feet away and was going 30 to 35 miles an hour and that he was going about 4 miles an hour at the time of the impact.

Plaintiff Russo testified that he did not see the truck until the time of impact. He does not recall what he was doing as the car approached the intersection of 47th Street. He says that it was probable he was talking to Makris about a number of things, such as bowling; possibly they were arguing about bowling. He observed no traffic lights. He knew the lights were there, but does not know whether the light was green, red or yellow when Makris drove into the intersection.

▮▮▮ There was other testimony which it is not necessary to detail. There was obviously a sharp controversy over the question of the lights, speed, distances and the point of impact. There was a question as to whether plaintiff Makris was driving in the inner lane and had intended to go north or whether he was in the curb lane preparatory to making a

339

right turn, as he contends. All this is only important as revealing that this case was one for the jury. The abstract was inadequate and we had to resort to the record for an understanding of the facts. The abstract is the pleading of the party in a court of review. A court of review is not required to go to the record to reverse, but will search the record to affirm. Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351, and cases there cited.

In Miller v. Green, 345 Ill App 255, 103 NE2d 188 (1951), where the testimony related to lights, speed and distances, as in the instant case, we said (p 259):

> "It is impossible to weigh testimony of this sort in the cold print of an abstract. The number of witnesses, while a factor, is not controlling. Where the issue involves a singular and isolated fact, such as the execution of a deed, the testimony of one disinterested and unimpeached witness can be controlling. On the other hand, where the accident occurs in the dead of night and in the flash of a second, with all the vague appraisements of fleeting time and space, the number of witnesses cannot weigh heavily in determining whether the verdict is against the manifest weight of the evidence. In Silberman v. Washington Nat. Ins. Co., 329 Ill 448, the court held that a court of review should not set aside a verdict where the evidence conflicts, even though the apparent weight of the evidence impresses the court as being in favor of the unsuccessful party. In Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, it was held that the testimony of the plaintiff was sufficient to take the case to the jury, even though some of it was incoherent and was controverted by the testimony of other witnesses. The court there took into account discrepancies in the testimony of defendant's witnesses, the

fact that some of them were sleepy and tired, and that it was doubtful whether they actually saw the lights and correctly knew the speed and distances about which they testified."

There was ample support in the evidence for the verdict of the jury and the judgment of the court thereon.

██ Plaintiff Russo charges that it was error for the court to have given instruction No. 11 on behalf of defendant. This instruction is as follows:

"If you believe from the evidence that the plaintiff Michael Russo and the defendant were both guilty of negligence which approximately contributed to the injury or injuries complained of, then, you are instructed that you have no right to compare the negligence of plaintiff, Michael Russo with that of the defendant, and find a verdict according to which side you think was guilty of the greater degree of negligence, for in such case it is the Law that it makes no difference which was guilty of the greater degree of negligence. Under such circumstances, the plaintiff Michael Russo cannot recover."

██ ██ The abstract does not reveal what was done with respect to this instruction in the conference on instructions and this in itself would preclude plaintiff Russo from charging any error on it. However, we have resorted to the record and found that at the time the instruction was given plaintiffs objected to it as follows: "It is not an IPI instruction and deals with comparative degrees of negligence." This objection has no validity. The instruction does not deal with comparative degrees of negligence. Plaintiff now raises the objection that there is no evidence to support the charge of contributory negligence on the part of plaintiff Russo. Where the proper specific objec-

tion is not made at the conference on instructions, error as to the instruction is not preserved for our consideration. Taylor v. Elgin, J. & E. Ry. Co., 33 Ill App2d 64, 77, 178 NE2d 707; Thompson v. Chicago & E. I. Ry. Co., 32 Ill App2d 397, 401, 178 NE2d 151; Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, 411, 176 NE2d 684, and cases there cited.

■ This failure to object to an instruction at the time of conference cannot be cured by making the point later in the post-trial motion. Jackson v. Gordon, 37 Ill App2d 41, 184 NE2d 805. The reason for this is set forth in Onderisin v. Elgin, J. & E. Ry. Co., 20 Ill App2d 73, at pp 77–8, 155 NE2d 338. There the court said:

"The purpose of the conference is to afford counsel an opportunity to object to or correct erroneous instructions. As officers of the court, counsel have a duty to cooperate with the trial judge to the end that the jury may be properly instructed. Enlightened trial practice does not permit counsel under the guise of trial strategy to sit idly by and permit instructions to be given the jury without specific objections and then be given the advantage of predicating error thereon by urging the error for the first time in a post-trial motion."

As a matter of fact, in his motion for new trial counsel for plaintiffs states only that the court erred in giving the instruction. He gives no reason for his charge of error.

Plaintiff Russo himself tendered an instruction which charged the jury as follows: "The care required of the plaintiff Michael Russo in this case is that, which a reasonably [sic] and careful person, riding as a passenger would use under similar circumstances." He thus acknowledged that the question of his own

negligence was for the jury. He cannot be heard to complain because the court gave an instruction at the defendant's request on the same phase of the case.

Plaintiffs complain of another instruction, but nowhere is it shown that objection was made to such instruction in conference or that such objection was included in the motion for new trial. The only answer plaintiffs make to this is that this court, in Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449, held that the fact that an objection was not made to the *closing argument* did not preclude the court from injecting itself into the proceedings sufficiently to see that the parties received a fair trial. This has application only to oral argument because it is recognized by the court that to interrupt oral argument for the purpose of making objections can react against the objector in the eyes of the jury. It is applied under extraordinary circumstances and is a principle not to be enlarged in order to excuse the requirement that objections to instructions must be made in the motion for new trial. Foster v. Union Starch & Refining Co., 11 Ill App 2d 346, 354, 137 NE2d 499, 503; Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 572, 149 NE2d 351, 354.

We are of the opinion that the case was fairly tried and should not go to trial for the fourth time.

Judgment affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.