(No. 41412.—

GILBERT FENNEMA, Appellee, *vs.* MICHAEL T. VANDER AA, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

Lord, Bissell & Brook, of Chicago, (R. R. McMahan and Richard E. Mueller, of counsel,) for appellant.

William M. Freeman, of Lansing, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

On April 6, 1959, the plaintiff, Gilbert Fennema, filed in the circuit court of Cook County a complaint which sought to recover damages for injuries sustained in an automobile collision. On April 28, 1964, the plaintiff failed to appear for a pretrial conference, and the case was dismissed for want of prosecution. On January 6, 1967, more than two and one half years after the entry of the dismissal order, the plaintiff filed a petition to vacate that order, under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1967, ch. 110, par. 72.) The petition alleged that "counsel for the Plaintiff did not receive notice of either the pre-trial conference at which the cause was dismissed, or of the dismissal of the action." The circuit court denied the petition. Upon an appeal by the plaintiff, the appellate court reversed and ordered the cause reinstated on the trial calendar. (93 Ill. App. 2d 162.) We granted leave to appeal.

"A petition under section 72 of the Civil Practice Act is * * * the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. (*Glenn* v. *People*, 9 Ill.2d 335.)" (*Brockmeyer* v. *Duncan*, 18 Ill.2d 502, 505.) The burden is thus on the petitioner to allege facts which, if true, show that he is entitled to the relief requested.

In this case the only allegation is that the plaintiff's attorney did not *receive* notice. That allegation is entirely consistent with the fact that adequate notice was given. Indeed, the defendant asks this court to take judicial notice that the scheduling of the pretrial conference in this case had been announced in the Chicago Daily Law Bulletin on nine separate occasions. As was said in *Esczuk* v. *Chicago Transit Authority*, 39 Ill.2d 464, 467, "It is significant that although plaintiff denied knowledge of both the pretrial conference and of the dismissal, she does not allege that no notices were sent to her or to her attorney of record nor does she deny that notice of the pretrial and the dismissal were duly published in the Chicago Daily Law Bulletin."

The section 72 petition in the present case was inadequate, and relief under it was properly denied. The judgment of the appellate court is therefore reversed, and the judgment of the circuit court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*