THE NATIONAL BANK OF BLOOMINGTON, Admr. of the Estate of ELMER DARRELL THOMAS, Deceased, *et al.*, Plaintiffs-Appellees, *v.* COY PICKENS *et al.*, Defendants-Appellants.

(No. 11519;

Fourth District—October 27, 1972.

Charles L. Palmer, of Champaign, (Franklin, Flynn & Palmer, of counsel,) for appellants.

Jerome Mirza, of Bloomington, for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The controlling issue before us is whether the trial court erred in admitting into evidence the opinion testimony of an accident reconstruction expert. We find reversible error.

The defendants appeal from judgments upon jury verdicts in favor of plaintiff Bank, as administrator, for wrongful death, for funeral expenses incurred by Avern Thomas and for property damage to the vehicle of Kornacker.

Pickens, an employee of Brada Miller Freight System, Inc., was driving its tractor semi-trailer, loaded with steel tubing north on U.S. 66, one and one-half miles north of the intersection of Illinois Route 108 in Montgomery County, Illinois, at 2:00 A.M., on September 26, 1967, when a tractor semi-trailer owned by plaintiff Kornacker, and driven by decedent Thomas, which had been following the Brada truck, struck the left rear portion of the Brada truck.

An eyewitness, DeRuntz, employed by General Cable Corporation, was driving a tractor semi-trailer unit south on U.S. 66. He saw the Kornacker and Brada trucks and testified that the lead truck had its left turn signal on. He saw the headlights of both trucks. The lead truck was going slow and the other truck quite a bit faster. He glanced up and noticed the first truck sort of jumped. The headlights looked like they jumped ahead and maybe up in the air a little bit. "I knew he was hit". The truck in back went violently to the right, real hard to the right. The other truck "must have" come around to the left. When he saw the lead truck jump, it was headed northerly down the northbound lanes of travel. The headlights might be slightly west. It looked to him like the truck in back hit the lead truck in the rear. He, DeRuntz, started slowing and noticed a big piece of pipe sliding down the road, coming at an angle toward him. He ran over it and blew his front tire. That was about 100 feet north of a crossover. He was almost stopped when he hit the pipe. He was the first one at the scene.

On cross-examination, DeRuntz stated that he wasn't too good a judge of distance, that he now thought the trucks were 500 feet apart when he first saw them, but had given a written statement that they were 200 feet apart, that he couldn't say whether the vehicles approaching him were in the right or left northbound lane. He repeated that when the headlights on the lead vehicle jumped they were coming toward him.

Pickens, driver of defendants' truck, was called under Section 60 of the Practice Act. He testified that he was headed north at 50 to 55 miles per hour when he was struck from the rear by the Kornacker truck, that there was a second impact and his tractor semi-trailer jackknifed and came to rest in the median headed south.

Plaintiff produced Loren D. Ayers, who testified that he had a bachelor's degree in police administration and a master's degree in public administration with a thesis in traffic safety, that he attended a course at Northwestern University in 1946, which included the subject of acci-

dent investigation and reconstruction. He investigated accidents while employed for a number of years with Indiana State Police. He estimated he investigated 5,000 accidents while with the police. He is now a private consultant, and has investigated 550 accidents in this capacity. On October 5, 1967, he visited the scene of the accident. Using measurements and observations at the scene and photographs of the vehicles as well as measurements of portions of the vehicles, he concluded that the accident could not have happened in the manner testified to by defendant, Coy Pickens, or independent witness, DeRuntz. His conclusion was that the vehicles were at 90 degrees toward one another at the time of the collision.

We note that upon cross-examination Ayers admitted that his detailed examination had not included, or taken into account, red paint samples taken from the left rear of the Brada truck, two feet to the left of center which matched the red paint from the plaintiff's vehicle, and a metal sample taken from the rear of the tandems of the defendant's trailer, which matched a metal sample taken from the plaintiff's vehicle bumper.

Ayers sought to reconcile facts with his theory that the defendant's truck was hit broadside by theorizing that the plaintiff's truck also jackknifed to produce these markings on the rear of defendant's trailer.

Defendants objected to and moved to strike the testimony of the reconstruction expert, Ayers, upon the ground that such evidence should not be admitted where there is an eyewitness. The trial court, in its memorandum, adopted the view that the witness, DeRuntz, was not an eyewitness because he could not state which lane the vehicles were travelling in. However, the trial court in the same memorandum states that the crucial question is whether the Kornacker vehicle struck the Brada vehicle in the rear or the rear left side. We think it is clear that the witness, DeRuntz, saw the vehicles at the moment of impact, and that it is not possible to reconcile his testimony of what he saw with the reconstruction expert's testimony that the vehicles collided at right angles.

In *Miller v. Pillsbury Co.*, 33 Ill.2d 514, 211 N.E.2d 733, there were no eyewitnesses to the collision of the vehicles, and expert opinion based upon reconstruction theories was held admissible. In *Plank v. Holman*, 46 Ill.2d 465, 264 N.E.2d 12, the eyewitness did not observe all of the movements of the vehicles prior to the collision, but did observe the position of decedent's car at the time of impact. In that case such position was determinative of the issues. The court said that an expert's opinion in reconstruction may not be substituted for available eyewitness testimony. In *Siltman v. Reeves*, 131 Ill.App.2d 960, 269 N.E.2d 728, it

was said that expert opinion reconstruction may not be used to impeach otherwise credible testimony. Here, nothing suggests that the eyewitness testimony was incredible, unbelievable or contrary to accepted natural or physical laws, and no issue presented requires an expert's explanation of natural or physical facts which are beyond the ken of the ordinary juror. *McGrath v. Rohde*, 130 Ill.App.2d 596, 265 N.E.2d 511.

The eyewitness testimony is that defendant's vehicle was struck in the rear. The plaintiffs undertook to present as an issue of fact that defendant's vehicle was struck broadside through opinion evidence. The cited authorities do not permit the use of reconstruction opinion to contradict the eyewitness testimony of an observed fact. *Ficht v. Niedert Motor Service, Inc.*, 34 Ill.App.2d 360, 181 N.E.2d 386; *Abramson v. Levinson*, 112 Ill.App.2d 42, 250 N.E.2d 796.

■■ The governing principle here is not whether an eyewitness saw the whole accident or part of it, or whether there is some variation in the testimony of witnesses, but whether a reconstruction expert shall be permitted to state an opinion which simply contradicts the testimony of an eyewitness to the observed facts of the collision. No observed facts impeach the testimony of DeRuntz that the vehicles were both headed north and that both were moving at the time of impact. This is not reconcilable with the theory that the rear vehicle struck the front trailer broadside. The observation of the witness, DeRuntz, is not made with respect to a fact beyond the ken of an ordinary juror or an ordinary witness. The DeRuntz testimony is consistent with the paint samples and metal bumper samples. He was an experienced truck driver and was an independent witness. The only other eyewitness, defendant Coy Pickens, gave testimony which was consistent with DeRuntz' testimony on this simple fact of the position of the vehicles on impact.

■■ The defendants challenge the sufficiency of the proof that decedent died as a result of the collision. While there is no medical evidence upon the issue, the record shows that a healthy man suffered the impact of the collision, that it took more than an hour to remove him from the wrecked vehicle and that he died the same day. In the absence of contrary evidence, there is sufficient evidence to permit the jury to determine that death resulted from this collision.

Plaintiffs' petition for rehearing was allowed. We adhere to the views expressed herein.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

CRAVEN and SIMKINS, JJ., concur.