ELIZABETH · DEAN *et al.*, Plaintiffs-Appellees, *v.* KEITH'S AND RALPH'S TAVERN, INC., Defendant-Appellant.—(ROBERT WEEMS, Defendant.)

(No. 73-387;

Second District (1st Division)—February 18, 1975.

O'Brien, Burnell, Puckett & Barnett, of Aurora (Peter K. Wilson, Jr., of counsel), for appellant.

Tyler, Peskind & Solomon, of Aurora, for appellees.

Mr. JUSTICE HALLETT delivered the opinion of the court:

This is an appeal from an order denying defendant Keith's and Ralph's Tavern's post-trial motion for judgment notwithstanding the verdict and/or new trial and from the judgment entered on the jury's verdict (1) awarding plaintiff, Elizabeth Dean, and her two children damages of $10,000, and (2) awarding plaintiff, Johnny Dean, damages of $15,000. Defendant contends that the trial court erred when it denied the post-trial motion and asks that we either reverse and remand the cause for a new trial or that we reverse and remand the cause with directions that the trial court enter judgment notwithstanding the verdict. We decline to do either and affirm.

The facts are not disputed. Plaintiff, Johnny Dean, was shot by defendant, Russell Weems, outside the defendant's tavern. Weems had been drinking there. Johnny Dean and his spouse (now divorced) Elizabeth, on behalf of their two children, brought suit below against the defen-

dants for personal injuries and loss of her and the children's means of support. Keith's and Ralph's Tavern, Inc., was sued under the Illinois dramshop act (Ill. Rev. Stat., 1971, ch. 43, par. 135). Following the close of all evidence, the trial court held a conference on jury instructions. The following plaintiff's instructions, among others, were given to the jury: First, respecting Elizabeth Dean's claim for loss of her and the children's means of support:

> "If you decide for the plaintiffs on the question of liability, you must then fix the total amount of money which will reasonably and fairly compensate the person you find has suffered loss to their means of support, for such loss.
>
> The phrase, 'means of support', includes the necessities of life, and comforts as well. Whatever lessens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, considering his occupation and capacity for earning money, may be regarded as lessening or impairing the 'means of support' referred to in these instructions."

Second, respecting Johnny Dean's claim for injuries:

> "If you decide for the plaintiff, Johnny Dean, on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have been caused by the intoxicated person: the nature, extent and damage of the injury. The disability resulting from the injury. The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries. The reasonable expense of necessary medical care, treatment and services received. The value of earnings lost and the present cash value of the earnings reasonably certain to be lost in the future.
>
> Whether any of these elements of damage has been proved by the evidence is for you to determine."

The jury returned a verdict in favor of the plaintiffs and awarded damages of $15,000 to Johnny Dean and $10,000 to Elizabeth Dean and the two children.

The bone of contention concerns the jury's award of damages. Defendant contends that the jury awarded double damages. In support of this contention, it cites the above jury instructions and points out that the "means of support" instruction, pertaining to the wife and children's award, includes the earnings of the husband as one of its elements, while the instruction pertaining to the husband's award includes his loss of income (present and future) as one of its elements. Defendant argues that, in effect, the jury was misled into awarding compensation to the

husband for his loss of income and awarding the same amount again as compensation to the wife and children for loss of their means of support, and cites the well-known principle that plaintiffs are only entitled to a single award.

Defendant, however, neglected to advance this objection to the instructions at the conference on jury instructions. Defendant did object to the instruction concerning Johnny Dean's award; however, the objection was grounded on defendant's contention that there was no evidence to warrant giving that instruction. Defendant never objected to the instruction on the ground that it was likely to mislead the jury into awarding double damages until defendant asserted in its post-trial motion that the jury had been so misled.

■■■ The rule in Illinois is that objections to instructions offered by an opposing party must be made at the conference on instructions and must be specific or they are waived on appeal (*Russo v. Kellogg* (1962), 37 Ill.App.2d 336, 341-342, 185 N.E.2d 377; *Taylor v. Elgin, J. & E. Ry. Co.* (1961), 33 Ill.App.2d 64, 77, 178 N.E.2d 704; *Thompson v. Chicago & E. I. Ry. Co.* (1961), 32 Ill.App.2d 397, 401, 178 N.E.2d 151; *Greenlee v. John G. Shedd Aquarium* (1961), 31 Ill.App.2d 402, 411, 176 N.E.2d 684). Further, the failure to object specifically at the conference cannot be cured by making the proper objection for the first time in the post-trial motion (*Russo v. Kellogg* (1962), 37 Ill.App.2d 336, 342, 185 N.E.2d 377; *Jackson v. Gordon* (1962), 37 Ill.App.2d 41, 184 N.E.2d 805) because the trial court would otherwise be deprived of an opportunity to correct the defective instruction, and the party failing to object would thereby gain the advantage of obtaining a reversal based upon his own failure to act. *Onderisin v. Elgin, J. & E. Ry. Co.* (1959), 20 Ill.App.2d 73, 77-78, 155 N.E.2d 338.

In the instant case, defendant failed to urge the proper objection at the conference on instructions, and we hold that the objection was waived.

The judgment is affirmed.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.