PAUL FINFROCK, Plaintiff-Appellant, *v.* EATON ASPHALT CO., INC., *et al.*, Defendants-Appellees.

Fourth District    No. 13191

Opinion filed September 23, 1976.

James Walker, of Bloomington, for appellant.

Phillips, Phebus, Tummelson & Bryan, of Urbana (Hurshal C. Tummelson, Joseph W. Phebus, and Betsy Pendleton Wong, of counsel), for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This case involves an occurrence at the intersection of two blacktop roads in rural McLean County, Illinois. Plaintiff, driver of a large dump truck, filed suit against the driver and the owner of the other truck involved. The jury found for defendants and plaintiff appeals. Three questions are raised on appeal: (1) Did the trial court err in the giving of instructions; (2) Did the trial court err in allowing the testimony of an expert witness; and (3) Did the trial court err in refusing to allow plaintiff to call a witness not expressly listed in plaintiff's answer to defendants' interrogatories. We affirm.

The accident occurred on August 16, 1971, at the intersection of the Towanda-Barnes blacktop road and the Fort Jesse-Merna blacktop. The day was clear and the road dry. Plaintiff was proceeding north on the Towanda-Barnes road. Defendant, Richard Breeding, the driver of the Eaton Asphalt Co. truck, was proceeding west on the Fort Jesse-Merna road. There were stop signs on the Fort Jesse-Merna road while the Towanda-Barnes road was a through road. Some distance away from the intersection, plaintiff applied the air brakes on his truck, locking all ten wheels of his empty double-axle dump truck. Plaintiff testified that, approximately 50 feet before the intersection, he swerved to avoid a collision with Breeding's truck which appeared to plaintiff to be going too fast to stop at the stop sign. Plaintiff's truck went into a skid, leaving skid marks 216 feet long. The truck proceeded through the intersection broadside ending up in a ditch after rolling over at least once. There was no actual contact with Breeding's truck. Plaintiff suffered severe and permanent injuries. Plaintiff's theory of the case was that Breeding's negligence in approaching the intersection at such a speed as to cause plaintiff to take evasive action was the direct and proximate cause of his injury.

The defendants maintain that plaintiff was traveling at an excessive

speed and it was that which caused plaintiff to lose control of his vehicle. Breeding testified that he approached the sign in a normal manner and did, in fact, stop at or in back of the stop sign.

The first issue on appeal is whether the trial court erred in giving defendants' instruction number 9. That instruction limited consideration of section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—601(a)) to the question of plaintiff's possible contributory negligence. The plaintiff contends that the instruction improperly singles him out for his possible violation of the statute when the statute was equally applicable to the defendant. Objection was made to the instruction during the instruction conference on the ground that it was not applicable to the plaintiff, who was on a through road, and that it was duplicitous to another instruction given. After the court rejected these two contentions, the following conversation took place:

"THE COURT: O. K. Anything else Mr. Mirza:

ATTORNEY MIRZA [Plaintiff's Attorney]: No.

THE COURT: I don't think there are any specific conditions which would have a tendency to endanger any party on the highway. The statute does bring out, where there is an approaching and crossing of an intersection. The objection will be noted and the instruction given.

ATTORNEY PHEBUS [Defendants' Attorney]: Was it negligence or contributory negligence?

ATTORNEY MIRZA: Keep it the way it is if you want it that way."

■■ We do not consider that this interchange properly raised the contention plaintiff argues on appeal. Although specific objection was made in the post-trial motion, that is not sufficient. Specific objections must be made at the instruction conference or they are waived on appeal. (*Russo v. Kellogg* (1962), 37 Ill. App. 2d 336, 341-342, 185 N.E.2d 377, 380.) The failure to object cannot be cured by raising the issue in a post-trial motion because it is, at that time, far too late to correct the error. (*Dean v. Keith's & Ralph's Tavern, Inc.* (1975), 25 Ill. App. 3d 970, 324 N.E.2d 7.) Accordingly any error has been waived.

Over plaintiff's objection, the trial court allowed the testimony of Dr. Baerwald, who was called as an expert by the defendants. Professor Baerwald, a professor of transportation at the University of Illinois, testified to his extensive background in traffic engineering. He testified that there were known and recognized scientific formulas to determine the braking distance of various types of vehicles at varying speeds on varying road surfaces and grades. Braking distance is the distance it takes a vehicle to stop after the brakes have been fully applied, that is, it does

not include perception time, the distance travelled before the driver can apply the brakes after perceiving a hazard. He explained the formula and the variables. Then, in response to hypothetical questions which incorporated the type of vehicle plaintiff drove and the road conditions at the time of the occurrence, Professor Baerwald testified to minimum and maximum braking distances at 50, 60 and 70 m.p.h. The clear implication of this testimony was that plaintiff was going considerably faster than the 50 m.p.h. he "guessed" he was going.

Plaintiff argues that this testimony was improper reconstruction testimony used to contradict eyewitness evidence in contravention of *Siltman v. Reeves* (1971), 131 Ill. App. 2d 960, 269 N.E.2d 728; *National Bank v. Pickens* (1972), 8 Ill. App. 3d 58, 289 N.E.2d 64; and *Abramson v. Levinson* (1969), 112 Ill. App. 2d 42, 250 N.E.2d 796.

Defendants argue that this testimony is not reconstruction testimony but general expert testimony and therefore admissible under *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809.

In *Jamison v. Lambke* (1974), 21 Ill. App. 3d 629, 316 N.E.2d 93, an expert testified to approximate braking distances at varying speeds. Defendants, on appeal, contended that this constituted improper reconstruction testimony as eyewitness testimony was available. The court held that the testimony was properly admitted to assist the jury.

■■ The average juror is well aware of the fact that the faster a vehicle is travelling the longer it takes to stop. The function of the expert testimony in the case at bar was to translate, by means of scientifically determined formula, that general awareness into specific terms for the aid of the jury. The need for such testimony is thereby established.

Reconstruction testimony, as it is generally understood, seeks to recreate the accident; who hit whom, where was the impact and how fast the parties were going as determined by skid marks, debris, and damage to the vehicles. In the case at bar, the expert testimony does not attempt to recreate the accident.

Dr. Baerwald's testimony, to the contrary, was strictly limited to one scientifically determinable aspect which was the minimum and maximum braking distance of a vehicle such as plaintiff drove.

■■ In the case at bar, Dr. Baerwald was shown to be an expert, by virtue of his professional training and experience. He demonstrated his employment of scientific principles in forming his opinion. There also existed a need for scientific expertise in order to aid the jury in their analysis of the facts. "The trial judge is allowed a wide area of discretion in permitting expert testimony which would aid triers of fact in their understanding of the issues even though they might have a general

knowledge of the subject matter." (*Jamison v. Lambke* (1974), 21 Ill. App. 3d 629, 635, 316 N.E.2d 93, 97.) The trial court did not abuse his discretion here.

The third issue raised is whether the trial court erred in refusing to allow the plaintiff to call a witness who was not expressly listed as a witness in plaintiff's answer to defendants' interrogatories. The witness was Mr. Larry Ellis, a private investigator for plaintiff who had interviewed Breeding shortly after the accident. Defendants' Interrogatory No. 22 asked whether anyone had taken a statement from the defendant and, if so, the name and address of the person. Plaintiff answered this question "none". However, plaintiff maintained that a copy of the transcript of the Ellis interview was appended to the interrogatories. Counsel for defendants maintained that they had never received that copy. At trial they claimed surprise and the witness was excluded.

The Supreme Court Rules specifically provide that such a sanction is available for refusal to comply with discovery rules. (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)(iv).) Plaintiff's counsel was at a loss to explain why No. 22 was answered as it was.

■■ The appropriate sanction for noncompliance with the discovery rules is within the discretion of the trial judge. (*Carlson v. General Motors Corp.* (1972), 9 Ill. App. 3d 606, 289 N.E.2d 439.) The factors to be considered are: (1) surprise to the opposing party; (2) the prejudicial effect of the testimony; (3) diligence in seeking discovery; (4) timely objection; and (5) good faith of the party calling the witness. (*Rosales v. Marquez* (1965), 55 Ill. App. 2d 203, 207, 204 N.E.2d 829, 831.) Under the circumstances revealed by this record, the trial court's action was not error.

Accordingly, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.