DONNA MARIE BAILEY, Plaintiff-Appellant, *v.* TWIN CITY BARGE AND TOWING COMPANY, Defendant-Appellee.

Fifth District   No. 78-19

Opinion filed January 24, 1979.—Supplemental opinion filed on denial of rehearing May 1, 1979.

L. Thomas Lakin and David R. Herndon, both of East Alton, for appellant.

John S. Sandberg, of St. Louis, Missouri, and Coburn, Croft, Shepherd, Herzog & Putzell, of Belleville, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Plaintiff appeals from a judgment of the Circuit Court of Madison County dismissing her cause of action for failure to comply with defendant-appellee's request for discovery.

In January 1975, the plaintiff brought suit under the Jones Act (33 U.S.C. §901 (1970)) for damages allegedly suffered from an injury received while she worked on defendant's vessel. After various motions, hearings, and orders with respect to the pleadings, defendant's answer was filed in July 1975. Discovery was commenced on July 25, 1975, by defendant's service of interrogatories. Plaintiff's answers to interrogatories were filed October 28, 1975.

It appears from the record that a notice of pretrial conferences for jury trials docketed for September and October of 1976 was sent to the parties on July 6, 1976. This suit was included in that docket. On August 11, 1976, defendant served upon plaintiff a request to produce and filed a motion to compel answers to its earlier interrogatories, asserting that certain of plaintiff's answers thereto had been unresponsive. Defendant apparently was readying its defense for the upcoming jury trial.

It next appears that on October 6, 1976, defendant wrote a letter to plaintiff's counsel requesting that plaintiff comply with its request to produce within 10 days, failing which it would file a motion to compel compliance. Plaintiff failed to respond or comply. On October 28, 1976, a motion to compel was duly filed and served by the defendant. On November 1, 1976, the court entered an order to the effect that plaintiff's cause of action was dismissed unless plaintiff complied with discovery within seven days. The order, which was mailed to counsel, specifically stated that if plaintiff complied with discovery within seven days the order was to be automatically vacated. Plaintiff failed to comply as ordered.

Plaintiff argues that the trial court abused its discretion by its order of dismissal. She contends that the court's sanction of dismissal was a penalty rather than a means of furthering discovery and that the dismissal was too severe a sanction given the circumstances.

■■ Although we believe the dismissal order is not properly in issue in this appeal for the reason that notice of appeal of that order was untimely, we nevertheless have considered the issue and find the dismissal order free from error. Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)) provides that if a party unreasonably refuses to comply with discovery rules, the court may enter "such orders as are just," thereafter specifying a number of sanctions which such an order might include. Rule 219(c)(v) provides that "a judgment by default [may] be entered against the offending party or that his suit [may] be dismissed with or without prejudice." Our scope of review is limited to whether the sanction

ordered below was an abuse of the court's discretion. *Finfrock v. Eaton Asphalt Co.* (1976), 41 Ill. App. 3d 1020, 355 N.E.2d 214, 218.

In determining whether the trial court's sanction of dismissal was an abuse of discretion we look to *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 196, 226 N.E.2d 6, 16, for the supreme court's guideline to imposing such sanctions:

" 'The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment.' "

■■ Applying this test to the court's dismissal order, we note that this cause was being readied for an approaching trial date by the court and by the defendant who was attempting to complete pretrial discovery. There was need for *immediate* compliance with discovery rules. Against that background, we observe that plaintiff had had three specific opportunities to comply with the defendant's request to produce—first, after defendant filed the request in August; second, following defendant's request letter dated October 6; and third, after defendant filed its motion to compel on October 29. We note, also, that there was pending in this proceeding a prior motion to compel answers to interrogatories. Plaintiff's lack of cooperation in the pretrial discovery stage was apparent and especially intolerable at a time when the matter was about to be tried. The court, however, gave plaintiff one more chance by providing in its order that if plaintiff complied with discovery within seven days, the dismissal was to be automatically vacated. To have ordered the plaintiff to comply within seven days and then to have dismissed her complaint if that compliance was not forthcoming certainly would have been proper. This is, in effect, what the trial court did by its conditional order of dismissal. This order was neither punitive nor too severe.

Examining the events following the entry of that order and the basis for the court's later judgment on plaintiff's section 72 petition, we note that on December 30, 1976, plaintiff filed a petition asking the court to vacate its November 1 order and to reinstate her complaint. On January 20, 1977, plaintiff's petition was dismissed for the reason that 30 days had passed since the dismissal order and the court was powerless to act under the present state of the pleadings.

On January 28, plaintiff filed a motion to vacate pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). Attached was an affidavit made by counsel. On February 7 defendant made a special appearance and moved to quash on the basis of plaintiff's improper service of the motion upon defendant. This motion was

confessed by plaintiff on February 8, and an order allowing the motion was entered on February 16.

On May 17 plaintiff filed another section 72 petition. Defendant moved to dismiss this petition because, among other deficiencies, the petition and affidavits of record failed to plead and show that plaintiff had acted with due diligence either before and/or after the November 1 order of dismissal or that the court had acted unfairly or unconscionably in regard to that order. Following argument on May 27 the court entered an order reinstating plaintiff's cause.

On June 6 defendant filed a motion for reconsideration asking the court to dismiss plaintiff's petitions to reinstate. This motion stated that at the May 27 motion hearing plaintiff's counsel had represented unto the court that "due diligence" was no longer required in a section 72 petition pursuant to a recent Illinois Appellate Court decision which plaintiff's counsel was unable to locate or cite for the court but upon which the court had based its order reinstating plaintiff's cause. Defendant further proposed that plaintiff's statement of the law was erroneous. On June 24 defendant's motion was called for hearing and "passed, to be reset, so as to allow plaintiff five days to file an affidavit in connection with her Section 72 petition." On July 8 defendant notified the court that no affidavit had been filed and requested a hearing on its motion to reconsider. On July 19 that motion was heard with counsel for both parties present and with the plaintiff still having failed to file a supplemental affidavit. The court allowed defendant's motion to reconsider and dismissed plaintiff's section 72 petition.

On March 25, 1977, the day before the running of the statute of limitations, plaintiff filed a new complaint based on the same cause of action. It was assigned a distinct docket number of 77-L-218. The previous proceedings were under docket number 75-L-45. Defendant's motion for reconsideration showed docket number 77-L-218 rather than 75-L-45 which was on the May 27 order reinstating plaintiff's suit. On its own motion, on July 19, the court ordered, *nunc pro tunc*, that pleadings and orders filed in 77-L-218 be transferred to the 75-L-45 docket as though they had been originally filed in that proceeding.

On August 16 plaintiff filed a motion to reconsider stating that defendant's motion to reconsider had been filed in the wrong cause of action and that this was her reason for not having filed an affidavit before the July 19 hearing. On November 4 her counsel's affidavit was filed setting forth, at last, plaintiff's counsel's excuse for having failed to comply with discovery. On November 8 the court entered an order stating "Plaintiff's motion to reconsider presented, argued and denied. Defendant's motion to quash et al is moot."

Plaintiff's case drew its last breath, and she prays us to revive it. Plaintiff claims that she has met the section 72 requirements of a meritorious claim and diligence in bringing her section 72 action and that it was error to deny her petition. She further maintains that regardless of section 72 requirements, justice will only prevail when she is permitted to present her case in court on the merits.

Section 72 is in our code of civil procedure to permit the court to undo that which it has done in exclusive reliance on the record but which it would not have done had it known facts not of record. (*Department of Public Works & Buildings v. Vogt* (1977), 51 Ill. App. 3d 770, 779, 366 N.E.2d 310, 316.) Among the requirements for section 72 relief are the petitioner's showing of a meritorious claim or defense and diligence in presenting that claim or defense. Defendant concedes for purposes of this appeal that a meritorious claim is stated. What is at issue is whether plaintiff's section 72 petition properly pleaded due diligence and whether it was sufficiently supported by facts showing diligence.

To give plaintiff every benefit of the doubt we have examined both her petitions under section 72 (motion to vacate filed January 28, 1977, and petition to reinstate filed May 17, 1977) and all affidavits and verified statements filed by her in this proceeding. We find a showing of due diligence on plaintiff's part with respect to pursuing her section 72 relief; however, plaintiff must also show she was diligent in pursuing her claim prior to the dismissal toward which the section 72 relief is directed. (*Riley v. Unknown Owners* (1972), 6 Ill. App. 3d 864, 867, 286 N.E.2d 806, 808.) We find that neither petition nor any of the verified statements on record at the time of the July 19 dismissal plead or show her diligence prior to the November 1 order of dismissal. Indeed, it was plaintiff's lack of diligence which resulted in the original dismissal and it was incumbent upon plaintiff to show facts which might have excused her failure to act. This plaintiff failed to do.

It is true that finally, on November 14, 1977, plaintiff filed an affidavit addressing her excuse for failure to comply with discovery procedures more than a year earlier; however, this affidavit was not of record on July 19 when the trial court dismissed her section 72 petition. Besides being tardy, it is insufficient. At best, it states that plaintiff's counsel failed to receive notice of the November 1 dismissal order or a copy of it and suggested that this may have been because counsel was at that time in the process of changing office locations. Plaintiff failed to allege that notice was not actually sent. The record reflects that notice was mailed. The allegation of nonreceipt absent a concurrent allegation that notices were not sent to her or to her attorney of record is inadequate. (*Fennema v. Vander* (1969), 42 Ill. 2d 309, 247 N.E.2d 409, 410.) In any event, it is an

accepted rule that a litigant has an obligation to independently keep abreast of her case's progress.

Plaintiff further contends that justice and good conscience may require a judgment be set aside even in the absence of a showing of due diligence. We have reviewed the authorities she has cited for this proposition and find them to be distinguishable from this matter in that those cases contained extenuating circumstances of fraud or unconscionable behavior by opposing counsel or the court. Such circumstances were not present here; neither were they pleaded by plaintiff in her petitions for section 72 relief nor shown in her tardy affidavit.

■■ Plaintiff, by failing to attend her case, is justifiably out of court. Opposing counsel was on his toes and he and the court proceeded with propriety at all stages in this matter. Decisions such as these are disconcerting to both the trial and appellate bench; however, a section 72 petition is not intended to relieve a party from the consequences of his own mistake or negligence.

The judgment of the Circuit Court of Madison County is hereby affirmed.

Affirm.

JONES and KARNS, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KUNCE delivered the opinion of the court:

We had affirmed the trial court's dismissal of plaintiff's complaint as a sanction for failure to comply with discovery pursuant to Supreme Court Rule 219(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)) and denial of plaintiff's subsequent section 27 petition (Ill. Rev. Stat. 1975, ch. 110, sec. 72) for reinstatement.

Plaintiff-appellant (petitioner) now petitions us to reconsider the issues raised in her appeal. She urges that in our review we overlooked certain facts in the record when we found no abuse of discretion by the trial court's dismissal of plaintiff's complaint as a sanction for refusal to comply with discovery. We have considered her petition and have been apprised of no facts which we failed to consider in our prior review. Indeed, each fact raised in this petition had received our due consideration. We held then, and do so now, that those facts do not render the trial court's conditional order of dismissal an abuse of discretion.

First, it is pressed that we overlooked the fact that when the court entered its November 1, 1976, order of conditional dismissal, it was

impossible to tell from the record which of defendant's two prior motions with respect to compelling discovery compliance was the subject of this particular order. We believe the record shows clearly enough that the November 1 order was in response to defendant's October 28, 1975, motion for compliance with defendant's August 11, 1975, request to produce and motion to compel answers to earlier interrogatories.

■■ Petitioner further contends that we overlooked the fact that defendant's motions for compliance had merely asked the court to order compliance. Petitioner claims that because defendant's request was specifically for compliance that the court lacked authority to dismiss plaintiff's complaint. We do not agree. When a party moves the court for relief pursuant to Supreme Court Rule 219, the court has authority to select or design the sanction it deems, in its judicial discretion, to be just. In any event, the petitioner should note that the court did not order an outright dismissal. The November 1 order reads:

> "Defendant's motion to compel presented and allowed. Plaintiff's Complaint is hereby dismissed. If plaintiff complies with [defendant's] request within 7 days of this order, order will automatically be vacated without any further action by either side."

By this order, the court, in effect, demanded compliance by plaintiff by a date certain with a predetermined consequence should plaintiff's compliance not be forthcoming. Let us assume that the court's November 1 order ordered plaintiff to comply with discovery within 7 days; that plaintiff failed to comply; and that on the 8th day the court dismissed plaintiff's complaint for failure to comply as ordered. Such a sequence would, in effect, be the same as the circumstances that we have before us. Either course would have been within the sound discretion of the trial court.

■■ Petitioner further asserts that our review failed to note that defendant also had been tardy with respect to discovery. We have, at petitioner's suggestion, compared the parties' compliance with discovery and find them to be poles apart. Even if defendant's pretrial cooperation was worthy of sanction or constituted an excuse for plaintiff's poor showing, those are arguments which plaintiff should have presented at the hearing on defendant's motion to compel her compliance or on her own motion for compliance. Plaintiff did not, however, present such arguments or otherwise indicate to the trial court that defendant had been dilatory in any way.

■■ Another fact we are said to have omitted in our review was the fact that petitioner failed to receive a copy of the November 1 order of conditional dismissal. This fact, of course, does not speak to the propriety of that November 1 order. It speaks, rather, to the propriety of the court's

denial of plaintiff's section 72 petition and is a fact that should have been pleaded and proved by the plaintiff in that petition—*but never was.*

As further indication of plaintiff's failure to meet time limitations, we note that plaintiff's notice of appeal of this November 1 order was untimely, and as we indicated in our opinion, the propriety of this order was not properly at issue in her appeal. We chose, however, to address the issue in light of the sanctions invoked for the sake of pointing up the necessity for compliance with reasonable order of trial courts to forestall delays in judicial proceedings.

■■ Petitioner's other argument in her petition for rehearing is that we misapprehended her diligence in pursuing her claim prior to its dismissal. Her petition outlines all her actions in connection with the litigation. Of course, eager pursuit of one's lawsuit in the early stages of litigation does not establish diligence or excuse for lack of it with respect to the party's failure to comply with discovery in later stages. We would simply reiterate that neither her section 72 petition nor any of the verified statements on record at the time that her petition was ruled upon pleaded *or showed* due diligence with respect to the discovery matters. On June 24, 1977, the court continued the hearing on her petition so as to allow plaintiff 5 days to prepare and file a supplemental affidavit setting forth due diligence on her part. On July 19, 1977, the supplemental affidavit not having been filed, the petition was dismissed. Petitioner's November 14, 1977, affidavit (which *finally* addressed her excuse for failure to comply with the discovery procedures), besides being tardy, was insufficient in that she failed to allege that notice of the November 1 dismissal order was not sent. (*Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 311, 247 N.E.2d 409, 410.) In any event, plaintiff's failure to keep abreast of her case will not excuse the delay as shown in this record.

Accordingly, the plaintiff's petition for rehearing is denied.

KARNS and JONES, JJ., concur.